UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 12-cr-60011-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

TAMIKA L. JASPER-BARBARY,

    Defendant.

_____/

### ORDER ON MOTION TO DISMISS COUNT THREE OF THE INDICTMENT

THIS MATTER is before the Court on the Defendant Tamika Jasper-Barbary's Motion to Dismiss Count Three of the Indictment (ECF No. 138). For reasons set forth more fully below, it is **ORDERED and ADJUDGED** that the Motion (ECF No. 138) is **DENIED**.

### I. FACTUAL BACKGROUND

Defendant Tamika Jasper-Barbary ("Jasper-Barbary") argues that Count Three of the Indictment (ECF No. 3) is insufficient as a matter of law to state an offense of obstruction of justice under 18 U.S.C. § 1503, the statute under which she is charged. Additionally, Jasper-Barbary argues that such a finding is necessary, as any alternative reading of § 1503 would render that statute unconstitutionally vague as applied to her, constituting criminal prosecution under one law for conduct authorized by another law, namely Federal Rule of Criminal Procedure 6(e). According to Jasper-Barbary, this failure of Count Three to state an offense or unconstitutional vagueness of the statute as applied to her requires dismissal of Count Three.

### II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 requires a defendant to raise before trial any motions "alleging a defect in the indictment . . . but at any time while the case is pending, the

court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). The sufficiency of an indictment is a legal question. *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011); *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002) (citing *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1998)). The Eleventh Circuit has set out the standard governing a motion to dismiss:

> For an indictment to be valid, it must "contain [] the elements of the offense intended to be charged, and sufficiently apprise [] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047, 8L.Ed.2d 240 (1962) (internal quotations omitted); *United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 942, 122 S. Ct. 1327, 152 L.Ed.2d 234 (2002).

*United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). Furthermore,

> An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute . . . . Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged . . . .

*Id.* (internal quotations and citations omitted).

In determining sufficiency, a court must look *only* to the language of the indictment. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). The court may not consider the evidence supporting the indictment when ruling on a motion to dismiss, as there is no summary judgment procedure in criminal cases. *Salman*, 378 F.3d at 1268–69 (quoting *Critzer*, 951 F.2d at 307); *cf. Sharpe*, 438 F.3d at 1263 ("It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.") (internal quotation omitted). A defendant may instead test the factual sufficiency of the government's case by a motion for acquittal under Federal Rule of Criminal Procedure 29. *Id.* at 1268. When determining the sufficiency of the indictment, the court should view its factual allegations "in the light most favorable to the government." *United States v. deVegter*, 198 F.3d 1324, 1327 (11th Cir. 1999).

### III. ANALYSIS AND CONTROLLING AUTHORITY

Count Three charges Jasper-Barbary with obstruction of justice under 18 U.S.C. § 1503. The Count alleges a violation of the "omnibus clause" of § 1503, which provides, in pertinent part:

> (a) Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

18 U.S.C. § 1503(a). The "omnibus clause is essentially a catch-all provision which generally prohibits conduct that interferes with the due administration of justice." *United States v. Brenson*, 104 F.3d 1267, 1274 (11th Cir. 1997). Count Three states in its entirety as follows:

> On or about November 30, 2011, in the Southern District of Florida, the defendant, TAMIKA L. JASPER-BARBARY, did knowingly and corruptly endeavor to influence, obstruct, and impede the due administration of justice in a Federal Grand Jury in the Southern District of Florida, by disclosing that L.B. was likely to provide information to the Grand Jury, in violation of Title 18, United States Code, Section 1503.

Indictment 3:4–9, ECF No. 3.

For the purposes of a motion to dismiss, the Court takes as true the allegation that on November 30, 2011, Jasper-Barbary knowingly disclosed that "L.B." was likely to provide information to a grand jury. The language of Count Three closely tracks the statute, and provides an additional factual predicate for its allegations, setting forth the time and place of the alleged conduct as well as further information, such as the facts underlying the alleged violation (disclosing that L.B. was likely to provide information to a grand jury). Jasper-Barbary argues that, even taken as true, this allegation does not amount to a corrupt attempt to influence, obstruct, or impede the due administration of justice. She raises several arguments in this regard.

    a. *"Likelihood" of Judicial Proceedings*

First, Jasper-Barbary argues that a disclosure that an individual is *likely* to provide information to a grand jury is insufficient to implicate §1503. Jasper-Barbary relies upon the Supreme Court's decision in *United States v. Aguilar*, 515 U.S. 593 (1995). In that case, the Court overturned the conviction of a district court judge under § 1503 based upon his false

statements to an FBI agent while a grand jury was investigating him. Looking to prior cases interpreting the omnibus clause of § 1503, the Court held that the statute requires a "nexus"—or "a relationship in time, causation, or logic" between a defendant's alleged conduct and the judicial proceedings sought to be impeded by that conduct. *Id.* at 599. This nexus requires that "the endeavor . . . have the 'natural and probable effect' of interfering with the due administration of justice" and that the defendant have knowledge "that his actions are likely to affect the judicial proceeding." *Id.* (citations omitted). Reviewing the evidence, the Court found that it "[went] no further than showing that [the defendant] testified falsely to an investigating agent," and that such a showing did not sufficiently establish a relationship to a judicial proceeding absent a showing "that the agents acted as an arm of the grand jury . . . ." *Id.* at 600–01. Citing *Aguilar*'s holding, Jasper-Barbary contends that an allegation that she disclosed that someone was likely to testify before a grand jury cannot state a violation of § 1503.

As a preliminary matter, the Court observes that the *Aguilar* decision's holding regarding what *evidentiary showing* is required to *establish* a violation of § 1503 is of somewhat limited value in determining what *allegations* are required for an indictment under § 1503 to be *facially valid*. Nonetheless, subsequent decisions have further developed the contours of the nexus requirement within the Eleventh Circuit, demonstrating the types of relationship between a defendant's actions and a judicial proceeding that are sufficient. In *Brenson*, the defendant—a grand juror—argued that § 1503 was not intended to apply to his disclosure of secret grand jury information. *Brenson*, 104 F.3d at 1275. The Eleventh Circuit instead found that "it is clear that Brenson's disclosure of grand jury information to the target of the grand jury investigation, prior to any indictment being returned, is the type of conduct capable of being punished under § 1503." *Id.* at 1275–76. Addressing *Aguilar*'s nexus requirement, the Court held that "[t]he government is not required to prove that the action taken would directly and immediately obstruct justice." Instead, it only needs to establish "that the defendant should have *reasonably foreseen* that the natural and probable consequence of the success of his scheme would achieve precisely that result." *Id.* at 1277 (emphasis added). The Court concluded that "it was reasonably foreseeable" that the defendant's disclosure of grand jury information "would have the probable effect of obstructing the due administration of justice," and upheld his conviction. *Id.* at 1278.

This standard was recently affirmed and further developed in *United States v. Friske*, 640 F.3d 1288 (11th Cir. 2011). There, the Court extended the nexus requirement of § 1503 to a

related obstruction statute, 18 U.S.C. § 1512(c)(2). *Id.* at 1292. Examining the development of the nexus requirement as it applied to § 1503, the Court affirmed that "[c]onsistent with *Aguilar*'s nexus requirement, the government must prove that the defendant knew of or foresaw an official proceeding, and knew that his actions were likely to affect it." *Id.* at 1292 n.5.

Given these controlling standards, Jasper-Barbary's argument that the allegations in Count 3 "[do] not amount to an endeavor to obstruct a pending or future grand jury proceeding" misses the mark somewhat. Taken as true, the allegation that "L.B." was "likely to provide information to the Grand Jury" sufficiently alleges that proceedings before a grand jury were pending or foreseeable. In light of *Brenson*'s affirmation of a § 1503 conviction for disclosing information concerning grand jury proceedings—including "identifying witnesses"—it seems to the Court that an allegation of a knowing disclosure of the same information related to a "reasonably foreseeable" grand jury proceeding is sufficient to state a facially valid offense. *Brenson*, 104 F.3d at 1272, 1278.

### b. Sufficiency of Allegations: Relation to Rule 6(e)(2)

Jasper-Barbary argues that *Brenson* is distinguishable from the present action because the defendant in that case was himself a grand juror who disclosed matters actually occurring before a grand jury, and therefore violated the grand jury secrecy provisions of Federal Rule of Criminal Procedure 6(e)(2). That rule addresses the general rule of secrecy applicable to a grand jury proceeding and states as follows:

> No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

Fed. R. Crim. P. 6(e)(2)(A). Rule 6(e)(2)(B), in turn, states:

> Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:
> (i)     a grand juror;
> (ii)    an interpreter;
> (iii)   a court reporter;
> (iv)    an operator of a recording device;
> (v)     a person who transcribes recorded testimony;
> (vi)    an attorney for the government; or
> (vii)   a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

*Id.* at Rule 6(e)(2)(B).  Jasper-Barbary contends that *Brenson* stands only for the principle that those who are subject to and violate Rule 6(e)(2) may also be prosecuted for obstruction of justice under § 1503.  Jasper-Barbary argues that she is not subject to Rule 6(e)(2), and that the Indictment fails to state a claim for violation of § 1503 based on the disclosure of grand jury information because it does not allege that she is subject to Rule 6(e)(2).

The Court notes that the government disputes this point, arguing that Jasper-Barbary is in fact subject to Rule 6(e)(2) as "a person to whom disclosure is made under Rule 6(e)(3)(A)(ii)." *Id.*  Rule 6(e)(3)(A)(ii) describes "any government personnel . . . that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law."  *Id.* at Rule 6(e)(3)(A)(ii).  Regardless, at this stage the Court looks only to the language of the Indictment, which does not mention Rule 6(e)(2) or its relation to Jasper-Barbary.  *Sharpe*, 438 F.3d at 1263.  Jasper-Barbary argues that the Indictment fails as a matter of law because it does not *allege* that she is subject to Rule 6(e)(2).  The Court acknowledges that the Eleventh Circuit has squarely held that "[a]ny person 'who knowingly violates Rule 6(e)(2) . . . or induces or attempts to induce another person to violate the Rule may be [convicted] for obstruction of justice under § 1503."  *Brenson*, 104 F.3d at 1276 (quoting *United States v. Saget*, 991 F.2d 702, 713 (11th Cir. 1993)).  However, Jasper-Barbary now asks this Court to hold that the inverse is true:  that she cannot be prosecuted under §1503 *without* violating Rule 6(e)(2).  She cites no authority—and the Court has not found any—that directly supports this proposition.[1]  At least one Circuit Court has held precisely the opposite.  *See United States v. Jeter*, 775 F.2d 670, 675 (6th Cir. 1985) ("Rule 6(e)(2) does not support that part of [defendant's] contention that this rule somehow forbids punishment of unjustified grand jury disclosures under any other statutory rule . . . .  It is simply illogical to attempt to construe Rule 6(e)(2) as *mandating* that all other classes of individuals can act to destroy the secrecy of grand jury proceedings without criminal sanction."); *see also United States v. Forman*, 71 F.3d 1214, 1220 (6th Cir. 1995) ("As we held in *Jeter,* one who divulges grand jury materials but is not subject to Rule 6(e)(2) is still liable to prosecution under 18 U.S.C. § 1503 for obstruction of justice.").

---

[1] Logically speaking, a finding that the inverse statement is true (if there is *no* Rule 6(e)(2) violation, then there is *no* § 1503 obstruction of justice) would imply that its contrapositive—the converse of the original statement—is also true (if there *is* § 1503 obstruction of justice, then there *is* a Rule 6(e)(2) violation).  As experience demonstrates, this is plainly not the case.

Given the stage at which she raises her challenge, Jasper-Barbary's argument attempts to go even further, claiming that the government must *allege* that she is subject to Rule 6(e)(2) for the Indictment to be facially valid. Essentially, she seeks to add that a defendant is subject to Rule 6(e)(2) as an element to the cause of action under § 1503. Given that Rule 6(e)(2) is mentioned nowhere in the language of § 1503, such a finding would require a stricter pleading standard than that set forth under *Bobo*, *Sharpe*, or even the controlling cases addressing § 1503. *Cf. Brenson*, 104 F. 3d at 1275 ("In order to convict Brenson under the omnibus clause of 18 U.S.C. § 1503, the government had to prove that: (1) Brenson corruptly; (2) endeavored; (3) to influence, obstruct, or impede the due administration of justice."). Absent authority supporting her position, the Court does not agree with Jasper-Barbary that the indictment must *allege* application of Rule 6(e)(2) to state a claim against her for obstruction of justice under § 1503.

c. *Constitutional Vagueness*

Finally, Jasper-Barbary argues that her proposed construction of a §1503 cause of action is required, as any other interpretation would cause the statute to be unconstitutionally vague as applied to her. Under the Fifth Amendment's Due Process protections, criminal responsibility cannot attach where the accused could not reasonably understand that her conduct was prohibited. *United States v. Duran*, 596 F.3d 1283, 1290 (11th Cir. 2010) (quoting *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963)). Jasper-Barbary argues that allowing a § 1503 cause of action to stand absent an allegation that she is subject to Rule 6(e)(2) would criminally prosecute her under one law for conduct authorized by another. This, however, is not precisely the case. The provisions of § 1503 and Rule 6(e)(2) serve different purposes, as evidenced by their respective penalties: § 1503 provides for criminal penalties, including imprisonment, while a knowing violation of Rule 6(e)(2) triggers the court's criminal contempt power as a sanction. *Compare* 18 U.S.C. §1503(b) *with* Fed. R. Crim. P. 6(e)(7). While the two provisions are related in scope, they encompass distinct purposes and meanings. Thus, that which is "permitted" for the purpose of the court's contempt power is not, as a matter of law, also permitted under other criminal statutes. *See Jeter*, 775 F.2d at 675. The Court is satisfied that the respective scopes of § 1503 and Rule 6(e)(2) are clear in their application to Jasper-Barbary's alleged conduct, and that application of § 1503 to the conduct alleged in the Indictment does not render the statute unconstitutionally vague as applied to her.

## IV. CONCLUSION

For the foregoing reasons, and viewing the allegations in Count Three in a light most favorable to the government, the Court finds that Count Three and its supporting allegations are sufficient to apprise the Defendant with reasonable certainty of the nature of the charge against her, and that it meets the standards relevant to a motion to dismiss. Accordingly, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Dismiss Count Three of the Indictment (ECF No. 138) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on May 2, 2012.

                                                ROBERT N. SCOLA, JR.
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Designated U.S. Magistrate Judge
Counsel of record