# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MONICA LEWIS, *et al.*,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Monica Lewis's Motion to Suppress Evidence and Fruit of the Poisonous Tree Obtained Through the Use of a GPS Tracking Device Placed on a 2008 Toyota Corolla ("Motion to Suppress") [D.E. 222], which was previously referred to the Honorable Lurana S. Snow for proposed findings and a recommended disposition. On September 6, 2012, Magistrate Judge Snow filed a Report and Recommendation [D.E. 346] recommending that the Motion be denied. Defendant Lewis timely filed her Objections to Judge Snow's Report and Recommendation, *see* D.E. 368, and the Government, in turn, filed its Response to Defendant Lewis's Objections, *see* D.E. 382. The Court has conduced a *de novo* review of Lewis's Motion to Suppress, all supporting and opposing filings, Judge Snow's Report and Recommendation, Lewis's Objections, the Government's Response, and the record and is otherwise fully advised in the premises.

## *BACKGROUND*

As part of an investigation of Co-defendant Andre Barbary, authorities became aware that Barbary had used a 2008 Toyota Corolla owned by Lewis. Based on a duly authorized wiretap,

investigators further learned that Lewis had been traveling between south Florida and Fort Myers, Florida, transporting money and cocaine. On September 21, 2011, investigators placed a global positioning system ("GPS") tracking device on Lewis's Corolla while it was parked in a public area in order to monitor Lewis's travel. No search warrant was obtained prior to the installation of the GPS device.

On September 29, 2011, law-enforcement officers stopped Lewis, who was driving the vehicle to Fort Myers. More than 600 grams of cocaine was seized from the trunk of the Corolla during the stop. The GPS tracking device was removed at this time. On October 24, 2011, investigators obtained a tracking warrant to resume monitoring the Corolla and monitored the vehicle from October 28, 2011, to December 1, 2011. *See* D.E. 270-1. Investigators decided to obtain a warrant in October after counsel for the Government advised them that a decision from the United States Supreme Court in *United States v. Jones*, 132 S. Ct. 945 (2012), was imminent.

On May 18, 2012, Defendant Lewis filed her Motion to Suppress, arguing that (1) based on *Jones*, law enforcement was required to obtain a warrant to install and monitor the GPS device; (2) that there were no exigent or other circumstances justifying the Government's proceeding without a warrant; and (3) prior Eleventh Circuit case law permitting the warrantless installation of tracking devices was distinguishable. Defendant's Motion was referred to Judge Snow, who recommended that it be denied. Relying on *United States v. Michael*, 645 F.2d 252 (5th Cir. May 1981) (*en banc*), Judge Snow concluded that binding precedent in the Eleventh Circuit required only reasonable suspicion, not a warrant, to install an electronic tracking device on a vehicle parked in a public place. Based on *Davis v. United States*, 131 S. Ct. 2419 (2011), which held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary

2

rule," *id*. at 2423-24, Judge Snow determined that the investigators acted in reliance on Eleventh Circuit precedent in installing the GPS device, and therefore the evidence gathered as a result should not be suppressed.Defendant Lewis voices two objections to Judge Snow's Report and Recommendation. First, reiterating the argument in her original Motion to Suppress, she argues that based on the Supreme Court's decision in *Jones*, a warrant was required before investigators could install and monitor the GPS tracking device. Although the device was installed and monitored before the Supreme Court's decision in *Jones*, Lewis contends that the reliance rule articulated in *Davis* is inapplicable because the precedent relied on by Judge Snow is distinguishable. D.E. 368 at 3. Second, Lewis objects because investigators did not consult Government attorneys prior to installing the device in September, and if they had, she suggests, they would have been advised to obtain a warrant based on the likely outcome of the *Jones* decision. *Id.* at 4.

## *DISCUSSION*

### **The First Objection**

In support of her first objection, Defendant Lewis suggests that the holding in *Michael*, permitting the installation of a tracking device with only reasonable suspicion, was based on the presence of exigent circumstances that posed a risk of losing evidence if a warrant had to be obtained. *Id.* at 3. Because no exigent circumstances justified the installation of the GPS device without a warrant in this case, Lewis contends, *Michael* is not available for the Government to rely on as precedent under *Davis*. *Id.*

In *Michael*, federal agents were conducting surveillance on a vehicle driven by an individual suspected of transporting chemicals used in the manufacture of illegal drugs. The agents tailed the vehicle until it parked near a pizza restaurant. While the suspect was inside the restaurant, the agents

3

installed a tracking device (known as a "beeper") on the exterior of the vehicle. The agents did not obtain a warrant. 645 F.2d at 255. The Eleventh Circuit's predecessor court upheld the use of the device without a warrant.[1]

In so doing, the court based its holding on a combination of the suspect's lowered expectation of privacy in the exterior of a vehicle, the minimal intrusiveness of installing a tracking device on the suspect's vehicle, and the balance of government and private interests. 645 F.2d at 257-59. Significantly, the *en banc* majority opinion mentioned "exigent circumstances" only when it disagreed with the prior panel's decision that would have required probable cause and exigent circumstances to exist before permitting the installation of a tracking device without a warrant. *Id.* at 257. Indeed, the dissent confirms this point. *Id.* at 260 (Tate, J., dissenting) ("As I read the majority opinion, it does not question that . . . no exigent circumstances required immediate installation of the beeper . . . ."). Thus, under binding Eleventh Circuit precedent that existed in September 2011, investigators were permitted to install a tracking device on a vehicle without a warrant, based solely on reasonable suspicion; exigent circumstances were not required. Consequently, Lewis's attempt to distinguish *Michael* from this case based on the lack of exigent circumstances cannot succeed.

**The Second Objection**

On Lewis's second objection, while it is no doubt wise for law enforcement to seek advice from Government attorneys before using technology such as a GPS device — and this Court

---

[1] Prior to *Jones*, GPS tracking devices were treated as beepers in the Eleventh Circuit. The Eleventh Circuit — citing *Michael* — held in an unpublished opinion that warrantless installation of a GPS device on a vehicle is permissible if the vehicle was "parked in a place easily accessible to the public and was reachable from a public thoroughfare." *United States v. Smith*, 387 F. App'x 918, 921 (11th Cir. 2010).

4

certainly encourages such responsible conduct, Lewis cites no legal authority that required investigators to consult Government attorneys prior to installing a GPS device, particularly where binding circuit precedent had long held that no warrant was necessary for the use of such technology. Nor does the Government's advice to obtain a warrant in October 2011 before the reinstallation of the GPS device affect the analysis. This Court is aware of no case requiring the Government to obtain a warrant based on the possibility that the Supreme Court might in the future issue an opinion abrogating existing binding circuit precedent that did not require one. *See* D.E. 368 at 4. Consequently, the Court can find no basis to sustain this objection.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Snow's Report and Recommendation [D.E. 346] is hereby **AFFIRMED and ADOPTED**; and

2. Defendant Lewis's Motion to Suppress [D.E. 222] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale Florida, this 10th day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:
The Honorable Lurana S. Snow
Counsel of Record