# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MONICA LEWIS, *et al.*,

        Defendants.

_____/

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Defendant Monica Lewis's Motion to Reconsider Denial of Bond and Remand of Defendant [D.E. 560]. The Court has reviewed Defendant's Motion and the record and is otherwise duly advised in the premises. After careful consideration, the Court now denies Defendant Lewis's Motion to Reconsider for the reasons set forth below.

On November 14, 2012, following a jury trial, Defendant Lewis was convicted of conspiracy to possess with intent to distribute at least 500 grams of cocaine and conspiracy to use a communication facility to facilitate a drug-trafficking offense, both in violation of 21 U.S.C. § 846. *See* D.E. 507. At the time of her conviction, Defendant requested to be released on bond pending sentencing. Although the Government conceded that Defendant did not represent a serious risk of flight or a danger to the community that could not be addressed by conditions of release, the Government opposed Lewis's motion, relying on 18 U.S.C. § 3143(a)(2).

Section 3143(a)(2) provides,

    (2)    The judicial officer ***shall*** order that a person who ***has been***

> *found guilty* of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless —
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(emphasis added). Section 3142(f)(1)(C), in turn, refers to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." The penalty for conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 846, a provision of the Controlled Substances Act, carries with it a maximum term of imprisonment of forty years. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. Therefore, based on the plain language of the statute and Lewis's lack of any legal authority authorizing the Court to release her, the Court remanded Lewis following her conviction.

In her pending Motion, Lewis asks the Court to release her from custody pending sentencing. In support of this request, Lewis asserts that Co-defendant Robert Jackson pled guilty on December 14, 2012, to the same charges of which Defendant Lewis had been convicted at trial. *See* D.E. 560 at ¶ 6. At the time of Jackson's guilty plea, the Court did not visit the issue of remand or bond continuance.[1] Because Jackson was not remanded, Lewis argues, she should be released as well.

---

[1] A different judge was kind enough to preside over the proceedings where Jackson entered his guilty plea.

The problem with Lewis's argument arises from the fact that she still has pointed to no legal authority authorizing the Court to release her under the current circumstances. While it is true that Jackson was not remanded upon entering his guilty plea, that is because the plea was taken by a magistrate judge, so no conviction could result until the Court adopted the magistrate judge's report and recommendation. Now that the Court has done so, the Court will set a hearing regarding whether Jackson satisfies the statutory standard under Section 3143(a)(2) allowing for release pending sentencing. *See United States v. Bryant*, 873 F. Supp. 660, 662 (N.D. Ga. 1994) (holding that Section 3143(a)(2) governs post-conviction release pending sentencing in a drug-trafficking case — even where a defendant pleads guilty — and that it precludes release where its conditions are not satisfied); *see also United States v. Fussell*, 2008 WL 4925639, *6 (M.D. Fla. Nov. 14, 2008) (reaching same conclusion for a defendant convicted after trial); *United States v. Hooks*, 330 F. Supp. 2d 1311, 1312 (M.D. Ala. 2004). That hearing, however, has no effect on the application of Section 3143(a)(2) to Lewis and cannot serve as a legal basis for Lewis's release. Accordingly, Defendant Monica Lewis's Motion to Reconsider Denial of Bond and Remand of Defendant [D.E. 560] must be **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 11th day of January 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:   The Honorable Lurana S. Snow
         Counsel of Record